GRIMES, APPELLANT, *v.* GRIMES, APPELLEE.

[Cite as Grimes v. Grimes (1977), 53 Ohio App. 2d 252.]

(No. 2490—Decided March 16, 1977.)

*Mr. Joseph R. Grunda,* prosecuting attorney, and *Mr. George I. Koury,* for the Lorain County Welfare Department

*Ronald H. Gordon Co., L. P. A.,* for appellant.

*Mr. Stephen J. Gurchik,* for appellee.

BELL, J. This appeal is from an order granted in the Domestic Relations Court of Lorain County which modified the original divorce decree between the parties. In her complaint for divorce, the plaintiff-appellant, Jac-

queline E. Grimes, stated that four children had been born of the marriage, including the two youngest, Melissa and Lisa, ages two and one respectively.

On April 27, 1971, the court granted the plaintiff a divorce and placed the four minor children, alleged to be issue of the marriage, in the custody of the Lorain County Children's Services. The defendant-appellee, Richard A. Grimes, was ordered to pay support for the four minor children, including installments of $10 a week for support payments previously made by the Lorain County Child Welfare Department. The custody of the children was returned to the plaintiff in October of 1971. In December of 1974, the court ordered that all further support payments made by Mr. Grimes be paid to the Child Support Bureau, trustee for the plaintiff.

In August of 1976, the plaintiff filed a motion to delete from the divorce order *nunc pro tunc* the requirements of child support for Melissa and Lisa. The court received from plaintiff the acknowledgement that the aforesaid minor children were not the children of Richard A. Grimes and granted the motion. Further, the court ordered plaintiff to reimburse the Lorain County Welfare Department the amount of $5,234.38. This was the amount expended for the support of these two children for the period extending from the entry finalizing the divorce to the time of the order.

From this ruling the plaintiff appeals and sets forth as an assignment of error that:

"The finding of the Domestic Relations Court of Lorain County, Ohio, in the within matter should be reversed in part for the reason there is no law or evidence to substantiate said ruling, and for errors therein, to-wit:

"1. In ruling that the Appellant-mother should pay the Lorain County Welfare Department the amount of Five Thousand Two Hundred Thirty Four and 38/100 Dollars ($5,234.38) for Aid to Dependent Children benefits received by Appellant-mother for the two youngest children during the period of 1971 to 1975."

The lower court, quite properly, found that a fraud had been committed upon it by the plaintiff in her rep-

resentation that all of the four minor children had been born as issue of the marriage. Likewise, the same misrepresentation was made to the Lorain County Welfare Department which had paid funds under the Aid to Dependent Children program (ADC) to the plaintiff. Nevertheless, two facts are equally plain: (1) the Lorain County Welfare Department would have disbursed ADC funds in the same manner and amount regardless of who fathered the children, and (2) the purported father, the defendant, was refunding certain monies to the welfare department to pay back its support of the four minor children.

While this court well understands the position of the lower court upon receiving the true facts concerning the plaintiff's representations in the divorce complaint, we hold that the court erred in modifying the original divorce judgment in such a manner. We do not doubt that court's continuing jurisdiction in certain matters concerning the minor children and their welfare. We do question the correctness of the court's order effectively withdrawing support for two minor children by ordering the plaintiff to repay all the funds received from the welfare department. The *children* are entitled to the protection, maintenance and support provided by the welfare payments despite the fraud of the parent in attaining such benefits.

Federal law supports this contention by the policy principles outlined in Sections 601 through 606, Title 42, U. S. Code, which make the protection of needy children the primary goal of the ADC program. In specifically dealing with the plaintiff's misrepresentation, justice is not thwarted by disallowing the ordered pay-back. Contempt of court can be handled in many ways, as can the prosecution of the individual in such matters.

We reverse the judgment of the trial court as to the monies ordered repaid and order the matter remanded to the trial court for further orders consistent with this decision.

*Judgment reversed.*

MAHONEY, P. J., and VICTOR, J., concur.